**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30147 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00067-BLW-1 |
| v. | |
| JASON COLE BRADFORD, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted June 4, 2019
Portland, Oregon

Before: MURGUIA and HURWITZ, Circuit Judges, and STATON,[**] District
Judge.

Jason Bradford appeals his conviction, after a conditional guilty plea, for

being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

On appeal, Bradford argues that the district court improperly denied his

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Josephine L. Staton, United States District Judge for
the Central District of California, sitting by designation.

motion to suppress the firearm that formed the basis for the charge. The district court determined that, although the handgun discovered by the arresting officers was the result of an illegal pat-down search, the handgun nonetheless would have inevitably been discovered later through lawful means.

We have jurisdiction under 28 U.S.C. § 1291. We reverse the district court's denial of Bradford's motion to suppress, vacate his conviction, and remand for further proceedings.

1. Under the inevitable discovery doctrine, otherwise illegally obtained evidence may still be admissible if the government can show that the evidence would have ultimately been discovered through lawful means. *Nix v. Williams*, 467 U.S. 431, 444 (1984). The doctrine applies "when the fact that makes discovery inevitable is born of circumstances other than those brought to light by the illegal search itself." *United States v. Reilly*, 224 F.3d 986, 995 (9th Cir. 2000) (citing *United States v. Boatwright*, 822 F.2d 862, 864-65 (9th Cir. 1987)). Here, the "fact that makes discovery" of Bradford's handgun potentially inevitable—the presence of narcotics in his vehicle and the likelihood of a subsequent search incident to arrest—are facts "born of circumstances other than those brought to light by the illegal search itself." *Id*. The district court thus did not err in concluding, as a general matter, that the inevitable discovery doctrine could apply to this case.

2. However, the government bears the burden of demonstrating, based on a

preponderance of the evidence, that the handgun would have been inevitably discovered. *United States v. Lopez-Soto*, 205 F.3d 1101, 1106 (9th Cir. 2000). The Supreme Court has instructed that application of the doctrine cannot rely on "speculative elements;" instead, its application must turn "on demonstrated historical facts capable of ready verification or impeachment." *Nix*, 467 U.S. at 444 n.5.

The district court erred in relieving the government of its burden to demonstrate that the handgun would, in fact, have been discovered. Here, the record demonstrates that officers completed the dog search, which resulted in the discovery of narcotics in Bradford's vehicle. Critically, however, the record is silent as to what would have happened next. Although it seems *likely* that Bradford would have been searched incident to arrest and the handgun discovered, there is no record evidence to support that conclusion. No officer testified about what steps would have been taken had the handgun not been identified at the outset of the stop, and the government failed to introduce any other evidence—such as Boise police procedures, or other evidence tending to show Bradford would have been arrested and then searched—to support the conclusion that the handgun would have been inevitably discovered. Moreover, the government adduced no evidence that Bradford would have remained detained during the entirety of the dog search, such that the weapon would inevitably have been in his possession when a later

search incident to arrest occurred. Because inevitable discovery cannot turn on "speculative elements," *id.*, the district court erred by filling these evidentiary gaps for the government.

We therefore reverse the district court's denial of Bradford's motion to suppress, vacate Bradford's sentence, and remand to the district court for further proceedings on the motion to suppress. *See United States v. Prieto-Villa*, 910 F.2d 601, 610 (9th Cir. 1990). In any subsequent suppression hearing, to demonstrate application of the inevitable discovery doctrine, the government must introduce, and Bradford must be allowed to contest, evidence that would tend to show the handgun would have been discovered after narcotics were identified in his vehicle.

**REVERSED, VACATED, AND REMANDED.**